# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 06-20176-01 |
| ) | 09-2439 |
| GENE FRANKLIN, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Gene L. Franklin, appearing pro se, filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 108), arguing that he is being held in violation of the United States Constitution. He has also filed a motion challenging this court's jurisdiction (doc. 110), two motions for release pending the resolution of his habeas petition (docs. 111 & 113), a motion for judgment on the pleadings (doc. 115), a motion to strike the government's response (doc. 119), and a petition for a writ of mandamus (doc. 121). For the reasons set forth below, these motions are all denied.

## I.    Factual Background

On December 7, 2006, Mr. Franklin was indicted by a Grand Jury on ten counts, including conspiracy to defraud the United States in relation to the lawful

functions of the Internal Revenue Service and assisting taxpayers in preparing or presenting false or fraudulent tax returns to the IRS. On March 26, 2008, a jury convicted Mr. Franklin of two counts of aiding or assisting in the preparation or filing of false or fraudulent federal income tax returns, in violation of 26 U.S.C. § 7206(2). On January 28, 2009, the Court sentenced Mr. Franklin to thirty months imprisonment to be followed by one year of supervised release. Mr. Franklin did not appeal.

## II.     Section 2255

Chapter 28, United States Code, section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.

2

1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, *3 (10th Cir. 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

Mr. Franklin asserts that he is entitled to relief on thirteen grounds: (1) 18 U.S.C. § 3231, conferring jurisdiction to the federal courts over federal criminal prosecutions, is unconstitutional, (2) venue was not established, (3) federal courts have no jurisdiction outside the District of Columbia, (4) there was no verified criminal complaint against the defendant, (5) the Court violated the separation of powers doctrine by selling conviction bonds, (6) the judge is not an Article III judge, therefore has no authority to sentence petitioner, (7) the judge is not independent because he is employed by the Department of Justice, (8) the defendant was denied effective assistance of counsel in violation his Sixth Amendment rights, (9) the defendant was convicted based on a coerced confession, (10) Federal Rule of Criminal Procedure 6 is unconstitutional, (11) the government concealed exculpatory evidence, (12) the government violated the "Classified Information Procedures Act," and (13) the Court lacked jurisdiction pursuant to 18 U.S.C. § 546.

**Ground 1 – 18 U.S.C. § 3231 is Unconstitutional.**

Mr. Franklin argues that 18 U.S.C. § 3231 is unconstitutional because it was not enacted as required by the Constitution. Section 3231 provides: "the district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

3

Section 3231 properly grants subject matter jurisdiction over criminal prosecutions. *United States v. Woods*, No. 07-1271, 2008 WL 313262, at *2 (10th Cir. Feb. 5, 2008) (concluding that "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts"). Mr. Franklin's argument that § 3231 is unconstitutional is frivolous. *United States v. Haney*, 264 F.3d 1161, 1163 n.1 (10th Cir. 2001) (considering the asserted unconstitutionality of 18 U.S.C. § 3231 "a frivolous argument").

**Ground 2 – Improper Venue**

Mr. Franklin argues that this court failed to establish that the crimes he was charged with were committed in the District of Kansas. The Sixth Amendment of the Constitution provides for trial by a "jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

Many circuits have held that a claim of improper venue is waived if not raised prior to a jury verdict. *See United States v.* Greer, 440 F.3d 1267, 1271 (11th Cir. 2006) (defendant must object to venue no later than close of evidence); *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974) ("venue may be waived," and "where, as here, the objection was not raised until after the jury had returned its verdict of guilty, we find that waiver did in fact occur"). The Tenth Circuit provides a narrow exception to the preceding rule, holding that where a possible defect in venue is not plain from the indictment, the defendant preserves his venue objection by making a non-specific motion for acquittal at the close of the evidence. *United States v. Kelly*,

4

535 F.3d 1229, 1234-35 (2008), *cert. denied*, 129 S. Ct. 1392 (2009). According to *Kelly*, when a defendant files "a general motion for acquittal that does not identify a specific point of attack, the defendant is deemed to be challenging the sufficiency of each essential element of the government's case, including venue." *Id.*

Although Mr. Franklin moved for acquittal at the close of the government's evidence (doc. 73), the motion was not "a general motion for acquittal." This motion set forth specific points of attack, which did not include venue, and thus it cannot be interpreted as preserving a claim of improper venue. Mr. Franklin therefore waived a claim of improper venue.

**Ground 3 – This Court Has No Territorial Jurisdiction over Petitioner.**

Mr. Franklin, citing the United States Constitution, asserts that federal courts can only exercise jurisdiction over offenses within the District of Columbia. The provision cited by Mr. Franklin allows Congress to "exercise exclusive legislation" over what has become the District of Columbia. U.S. Const. art I, § 8, cl. 17. It does not, however, limit Congress's power to proscribe criminal activity in all of the United States. Nor does it limit the subject matter jurisdiction of the federal courts to hear cases about such criminal activity. *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (dismissing "the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories").

**Ground 4 – There was no "verified criminal complaint."**

5

Mr. Franklin asserts that his due process rights were violated because there was no adequate verified criminal complaint. However, the record shows that an indictment charging the defendant was issued and returned by the grand jury (doc. 1). The indictment was adequate because it "first, contain[ed] the elements of the offense charged and fairly inform[ed] [the] defendant of the charge against which he must defend and, second, enable[d] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

**Ground 5 – The Court Violated the Separation of Powers Doctrine and the Constitution by Selling Conviction Bonds.**

Mr. Franklin's argument on this point is unclear. He references the court's "sale of bonds based on Petitioner's conviction" and something about the court being listed on Dunn & Bradstreet. In response, the Government argues that "[n]o facts have been alleged to substantiate this allegation, which is utter nonsense." Given the lack of clear explanation and legal support for this claim, it cannot serve as the basis for any relief. *See, e.g.*, *Dedona v. United States*, No. 08-2046, slip op. at 6 (D. N.J. Aug. 31, 2009) (rejecting a similar argument because petitioner "fails to provide any legal support for this strange argument").

**Ground 6 – The Judge is Not an Article III Judge.**

Mr. Franklin asserts that the undersigned is not an Article III judge, and therefore, any sentence issued from this court is void. The court takes judicial notice,

6

however, that contrary to Mr. Franklin's assertion, the undersigned was in fact appointed, confirmed, and sworn in as an Article III judge. Because this argument is based on a legal conclusion that is inherently incredible, this claim is denied. *See Arredondo*, 178 F.3d at 782 (noting that a court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact).

**Ground 7 – The Judge is Not Independent.**

Mr. Franklin asserts that the judge is not independent because he is an employee of the Department of Justice. Contrary to Mr. Franklin's assertion, the undersigned is not an employee of the Department of Justice but rather of the federal courts. Because this argument is based on a legal conclusion that is inherently incredible, this claim is denied. *Arredondo*, 178 F.3d at 782.

**Ground 8 – Ineffective Assistance of Counsel**

Mr. Franklin alleges he received ineffective assistance of counsel during his trial in that counsel (1) failed to investigate the court's jurisdiction and the legal basis of Mr. Franklin's indictment and conviction, (2) allowed Mr. Franklin to enter into a coerced plea, (3) failed to obtain adequate discovery, (4) failed to pursue any valid defenses, and (5) failed to hold the government to its heavy burden of proof.

To be entitled to an evidentiary hearing, Mr. Franklin "must have alleged facts which, if proven, would establish he received ineffective assistance of counsel. Thus, [he is] required to make credible allegations [that] his counsel's performance was

deficient and that the performance prejudiced him." *Lasiter v. Thomas*, 89 F.3d 699 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, Mr. Franklin must establish that his lawyer's performance was deficient as compared to an objective standard of reasonable performance. *Strickland*, 466 U.S. at 687-88, 694. "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Mr. Franklin must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, Mr. Franklin must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Because Mr. Franklin "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)). "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,

8

which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Mr. Franklin, as the movant, bears the burden of proving he was prejudiced by his counsel's actions. *Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Although this court is required to construe liberally a pro se petitioner's application for relief under § 2255, *Hall v. Scott*, 292 F.2d 1264, 1266 (10th Cir. 2002) (citing *Haines v. Kerner*, 414 U.S. 519, 520-21 (1972)), conclusory allegations without factual basis are insufficient to support claims of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir. 1994); *Lasiter*, 89 F.3d at 702-03 (petitioner must put forth specific factual allegations showing deficient performance and prejudice).

By making only conclusory allegations, unsupported by facts, Mr. Franklin has not made the requisite showing to be entitled to an evidentiary hearing or relief based on his Motion. Mr. Franklin asserts that counsel failed to investigate this court's jurisdiction and the legal basis of his indictment and conviction, but Mr. Franklin provides no actions his counsel should have taken to further investigate jurisdiction.

9

Mr. Franklin seems to argue he was prejudiced by counsel's failure to argue that 18 U.S.C. § 3231 is unconstitutional. As previously explained, this argument is frivolous, *see Haney*, 264 F.3d at 1163 n.1, and counsel had no duty to pursue a meritless argument. *See Battle v. Workman*, No. 09-5083, slip op. At 3 (10th Cir. Nov. 6, 2009) (stating that when petitioner bases ineffective assistance of counsel claim on meritless legal argument, denial of claim is appropriate).

In addition, Mr. Franklin asserts that counsel failed to investigate the legal basis of his indictment and conviction. As previously explained, Mr. Franklin's argument is without merit, and counsel had no duty to pursue a meritless argument. *See Battle*, No. 09-5083, slip op. at 3.

Mr. Franklin also asserts that his counsel failed to obtain adequate discovery, failed to pursue any valid defenses, and failed to hold the government to their heavy burden of proof, but Mr. Franklin does not offer any specific instances to support these assertions nor does he offer any alternative strategies counsel should have taken. He has not shown how these "failures" constituted deficient performance or how, but for counsel's actions, the outcome of his case would have been different. In addition, Mr. Franklin asserts that he was allowed to enter into a coerced plea. As the court noted, however, Mr. Franklin was convicted by a jury verdict. Because Mr. Franklin only entered the plea of "not guilty," this ground for vacating the verdict is without merit.

Thus, Mr. Franklin's ineffective assistance claims are all without merit.

**Ground 9 - Conviction was Obtained by Use of Coerced Confession.**

Mr. Franklin asserts that he was convicted based on a coerced confession. The record shows that Mr. Franklin did not plead guilty but was convicted at a jury trial, at which he elected to testify in his defense, after being advised that he was under no obligation to testify. Thus, the record shows that Mr. Franklin was not convicted based on a coerced confession.

**Ground 10 – Federal Rule of Criminal Procedure 6 Is Unconstitutional.**

Federal Rule of Criminal Procedure 6 outlines the procedure for grand jury proceedings. This rule draws from the Fifth Amendment's requirement that "[n]o person shall be held to answer for a . . . crime[] unless on presentment or indictment of a Grand Jury." U.S. Const. Amend. V.

Mr. Franklin provides no factual basis for his argument that Federal Rule of Criminal Procedure 6 was applied unconstitutionally during his court proceedings. He only argues that "a defendant has a Due Process right to present his evidence to the Grand Jury." However, an accused has no right to be called as a witness before the grand jury that is considering his or her indictment . . . [and] 'no right of cross-examination, or of introducing evidence to rebut the prosecutor's presentation[]'" before the grand jury. *United States v. Leverage Funding Sys., Inc.*, 637 F.2d 645, 648 (9th Cir. 1980) (quoting *United States v. Y. Hata & Co.*, 535 F.2d 508, 512 (9th Cir. 1976)).

**Ground 11 – *Brady* Violation**

Mr. Franklin asserts that the government violated his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963) by concealing exculpatory evidence. To prevail on a *Brady* claim, a defendant must demonstrate that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. *Snow v. Sirmons*, 474 F.3d 693, 711 (10th Cir. 2007). Due process requires the disclosure of exculpatory evidence which, "if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675 (1985).

However, the court is required to conduct an evidentiary hearing only if the admissible evidence presented by the petitioner, if accepted as true, would warrant relief as a matter of law. *United States v. Velarde*, 485 F.3d 553, 560 (10th Cir. 2007). A mere conclusory allegation does not establish a *Brady* violation. *United States v. Thompson*, No. 02-7113, 2003 U.S. App. LEXIS 11466, at *1 (10th Cir. 2003); *Strickler v. Greene*, 527 U.S. 263, 286 (1999) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."). Therefore, when a petitioner fails to identify the evidence the government allegedly withheld or how the evidence was favorable to his defense, a *Brady* claim fails. *Thompson*, 2003 U.S. App. LEXIS 11466, at *1.

Mr. Franklin fails to identify the nature of evidence that was supposedly withheld, how the evidence would have been favorable to him, or how it was material

12

to his defense. Because Mr. Franklin provides only conclusory allegations without factual support, he has not met the burden under *Brady*.

Thus, Mr. Franklin's *Brady* claim is without merit.

**Ground 12 – The Government Violated the "Classified Information Procedure Act."**

Mr. Franklin alleges that the government violated the Classified Information Procedures Act by knowingly concealing classified documents. However, Mr. Franklin does not identify what documents were withheld, what information these documents might have contained, or how, if revealed, these documents might influence his case. Again, mere speculation that some evidence was withheld, without supporting evidence of the nature of the evidence or the effect disclosure of the evidence might have, does not establish good cause for a discovery request on collateral review. *Strickler*, 527 U.S. at 286.

**Ground 13 – The Court Lacked Jurisdiction Pursuant to 18 U.S.C. § 546.**

As outlined above, this court has subject matter jurisdiction over Mr. Franklin's case. Section 546, which concerns the smuggling of goods into foreign countries, is irrelevant to the jurisdiction of this case.

**Procedural Default**

There is a procedural bar against a defendant raising any claim in a § 2255 motion that he did not raise in his direct appeal "unless he can demonstrate cause for his procedural default and prejudice suffered thereby, or that the failure to hear his

claim would result in a fundamental miscarriage of justice." *United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994); *see also United States v. Frady*, 456 U.S. 152, 165 (1982). Without a showing of cause and prejudice, a federal habeas petitioner procedurally defaults all claims that are not raised in his direct appeal, other than claims asserting the petitioner was deprived of the effective assistance of counsel. *Frady*, 456 U.S. at 167-68.

Other than Mr. Franklin's claim for ineffective assistance of counsel, the remaining grounds are also denied because Mr. Franklin failed to raise these issues at trial and did not file an appeal. Mr. Franklin does not allege cause for his failure to raise these issues, nor does he offer any support to show that failure to hear these claims would result in a fundamental miscarriage of justice. *See Wright*, 43 F.3d at 496.

**Conclusion**

Mr. Franklin "has let fly a quiver full of arrows directed at his. . . convictions. All have missed their mark." *United States v. Anfield*, 539 F.2d 674, 676 (9th Cir. 1976). There is no basis to grant an evidentiary hearing or grant the § 2255 motion on the merits.

### III.     Other Motions

Mr. Franklin has filed two additional motions concerning this court's subject matter jurisdiction (doc. 110 & 115). Mr. Franklin asserts that this court lacks

jurisdiction to convict him and that, since the Government failed to respond to his jurisdictional arguments, he is entitled to judgment. The Government's response (doc. 114) was timely filed on September 21, 2009, the same day Mr. Franklin's motion (doc. 115) arrived at the court. Additionally, as discussed above, his contention that this court lacks jurisdiction to hear criminal cases is meritless. These motions are denied.

Mr. Franklin's motions for release pending the resolution of his habeas petition (docs. 111 & 113) are denied as moot now that the court has resolved the issues raised in his § 2255 petition.

Mr. Franklin has filed a motion to strike the government's response (doc. 119), arguing that the government has failed to respond to his jurisdictional arguments. Given the resolution of his jurisdictional argument, this motion is denied as well.

Finally, Mr. Franklin has filed a Petition for a Writ of Mandamus (doc. 121). He has also filed that same document with the Tenth Circuit Court of Appeals, which is where is should properly be filed. *See, e.g.*, *Pindus v. Fleming Companies Inc.*, 146 F.3d 1224, 1226 (10th Cir. 1998) (explaining that a petition for a writ of mandamus is a tool for the appellate court to invoke).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 108) is denied.

**IT IS FURTHER ORDERED** that defendant's motion challenging this court's jurisdiction (doc. 110), his two motions for release pending the resolution of his habeas petition (docs. 111 & 113), his motion for judgment on the pleadings (doc. 115), his motion to strike the government's response (doc. 119), and his petition for a writ of mandamus (doc. 121) are denied.

**IT IS SO ORDERED** this 23rd day of November, 2009.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge