**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|                              |   |                        |
|------------------------------|---|------------------------|
| **UNITED STATES OF AMERICA,** | ) |                        |
|                              | ) |                        |
| **Plaintiff,**               | ) |                        |
|                              | ) |                        |
| v.                           | ) | Case No. 06-20176-01   |
|                              | ) | 09-2439                |
| **GENE FRANKLIN,**           | ) |                        |
|                              | ) |                        |
| **Defendant.**               | ) |                        |
|                              | ) |                        |

# MEMORANDUM AND ORDER

On November 23, 2009, this court entered a Memorandum and Order (doc. 123) denying Gene L. Franklin's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 108), a motion challenging this court's jurisdiction (doc. 110), two motions for release pending the resolution of his habeas petition (docs. 111 & 113), a motion for judgment on the pleadings (doc. 115), a motion to strike the government's response (doc. 119), and a petition for a writ of mandamus (doc. 121).

On December 4, 2009, Mr. Franklin filed a motion for reconsideration (doc. 127). On December 7, 2009, this court received notice that Mr. Franklin had appealed the November 23 order to the Tenth Circuit Court of Appeals (doc. 131). On January 7, 2010, the Tenth Circuit stayed the appeal pending this Court's disposition of Mr. Franklin's motion for reconsideration (doc. 136). This Court now

addresses Mr. Franklin's motion for reconsideration, and for the reasons set forth below, the motion is denied.

**I.     Standard**

A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or controlling law. It is not appropriate to revisit issues already addressed or advance argument that could have been raised in prior briefing." *Id.* (citations omitted). A motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360-61 (D. Kan. 2004).

**II. Analysis**

Mr. Franklin first argues that this court failed to address all of his arguments. He does not specify, however, which particular argument he believes was unanswered. And this court is satisfied that each of Mr. Franklin's thirteen grounds was thoroughly addressed in its order.

Mr. Franklin next contends that his § 2255 claims are jurisdictional, and he repeats eleven of the thirteen arguments he made in his original § 2255 motion. Specifically, Mr. Franklin again argues that (1) 18 U.S.C. § 3231 is unconstitutional, (2)

2

venue was not established, (3) federal courts lack jurisdiction outside the District of Columbia, (4) there was no verified criminal complaint, (5) the court violated the separation of powers doctrine by being listed on Dunn and Bradstreet, (6) the undersigned is not an Article III judge, (7) the undersigned is not independent because he is employed by the Department of Justice, (8) the defendant was denied effective assistance of counsel, (9) the criminal complaint against him was invalid and so he needed to testify in his own defense,[1] (10) the unconstitutionality of Federal Rule of Criminal Procedure 6 "constitutes one of the biggest frauds on the American people in history," and (11) the government concealed exculpatory evidence.

For the most part, Mr. Franklin merely reiterates his earlier arguments. He does, however, attempt to build on his previous argument that the undersigned is not an Article III judge. In this motion, he now emphasizes that because the undersigned pays income taxes, his pay is diminished in violation of Article III, § 1 ("The Judges . . . shall . . . receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."). However, payment of income taxes does not diminish the judge's salary within the meaning of the Article III. *O'Malley v. Woodrough*, 307 U.S. 277, 281-81 (1939).

Beyond this argument, Mr. Franklin offers no reason why this court should

---

[1] Mr. Franklin's original ninth claim was that his conviction was obtained by the use of a coerced confession. It appears that he has refocused that argument somewhat, and combined it with his argument about the criminal complaint, in this latest filing.

3

reconsider its previous ruling. He introduces no evidence that was not previously available nor does he rely on an intervening change in controlling law. Instead, he only rehashes arguments and relies on information that was available before submitting his original § 2255. *See Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992) ("A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed . . . or supporting facts that could have been presented originally.").

Finally, Mr. Franklin suggests that "the prosecutors admit they receive bonuses and/or financial benefit for obtaining convictions," and that these admissions of "kickbacks" require an evidentiary hearing. The mere conclusory suggestion of improper behavior is insufficient, however, to cause this court to reconsider its prior order. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Franklin's motion for reconsideration (doc. 127) is denied.

**IT IS SO ORDERED** this 1st day of February, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge